IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| D.A.F., Inc., dba J.P. Carlton Company, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 7:07-00511-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Bandit Industries, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on (1) D.A.F., Inc. dba J.P. Carlton Company's ("Carlton") motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure, and (2) Carlton's motion to strike Bandit Industries, Inc.'s ("Bandit") motion to dismiss the declaratory complaint. For the reasons below, the court denies Carlton's motion for default judgment and motion to strike.

## I. Factual and Procedural Background

This is a patent case in which Carlton seeks a declaration that U.S. Patent No. 6,814,320 ("the '320 patent") is invalid and unenforceable, that Carlton's products do not infringe any claim of the '320 patent, and that Bandit is without any right or authority to threaten or to maintain suit against Carlton or Carlton's customers for alleged infringement of the '320 patent. On March 9, 2007, Carlton served the summons and complaint on Bandit. Bandit's answer, motion, or other responsive pleading was due March 29, 2007. See Fed. R. Civ. Proc. 12(a)(1)(A). Bandit did not file an answer, motion, or other responsive pleading by March 29, 2007.

On April 3, 2007, Bandit filed a motion to dismiss, or, in the alternative, to transfer venue. Subsequently, on the same day, Carlton filed the instant motion for default judgment. On April 20, 2007, Carlton filed the instant motion to strike Bandit's motion to dismiss on the basis that the motion was untimely as Bandit filed the motion after it had defaulted. (Pl.'s Mot. Strike 1.)

## II. DISCUSSION OF THE LAW

Although default has not been entered in the instant case, Bandit contends that because it meets the standard for relief from entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, the court should deny Carlton's motion for default judgment. Rule 55(c) states, "[f]or good cause shown the court may set aside an entry of default . . . ." Fed. R. Civ. P. 55(c). "Traditionally, . . . relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." Id. Other factors to consider include "the personal responsibility of the party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

"Federal Rule of Civil Procedure 55(c) must be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." Id. at 954 (internal quotation marks omitted). "Although the criteria set forth in Rule 60(b) may be relevant to

2

the determination of the presence of good cause, the standard for good cause under Rule 55(c) [for relief from entry of default] is more liberal than the standard for relief from judgment under Rule 60(b)." Philips v. Weiner, 103 F.R.D. 177, 181 (D.C. Me. 1984) (internal citations and quotation marks omitted); see also Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989). Further, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969).

Based on the facts set forth above, the court finds that Bandit has demonstrated good cause and excusable neglect. Bandit attempted to contact Carlton's counsel twice on March 30, 2007, to request an extension of time to respond to the complaint. (Def.'s Mem. Opp'n Mot. Default J. 4.) Furthermore, the court finds that Bandit acted with reasonable diligence in seeking to cure the default and has tendered a meritorious defense. Bandit's answer was due on Friday, March 30, 2007, and it filed its motion to dismiss on the following Tuesday, April 3, 2007. Because of Bandit's reasonable diligence in filing the motion to dismiss on the next business day after its responsive pleading or motion was due, Carlton has suffered no prejudice as a result of Bandit's default. Therefore, based on "the shortness of the delay involved, the absence of gross neglect on the part of [Bandit], the lack of prejudice to [Carlton], and the assertion of what may be a meritorious defense," the court denies Carlton's motion for default judgment. Tolson, 411 F.2d at 130. In addition, because the court denies Carlton's motion for default judgment, Carlton's motion to strike is moot.

Therefore, it is

**ORDERED** that Carlton's motion for default judgment, docket number 8, is denied. It is further

**ORDERED** that Carlton's motion to strike Bandit's motion to dismiss the declaratory complaint, docket number 12, is dismissed as moot.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
May 2, 2007