IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| D.A.F., Inc., dba J.P. Carlton Company, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 7:07-00511-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Bandit Industries, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Bandit Industries, Inc.'s ("Bandit") motion to

dismiss or, in the alternative, to transfer venue. For the reasons below, the court denies

Bandit's motion to dismiss.

### I. Factual and Procedural Background

This is a patent case in which D.A.F., Inc., dba J. P. Carlton Company ("Carlton")

seeks a declaration that U.S. Patent No. 6,814,320 ("the '320 patent") is invalid and

unenforceable, that Carlton's products do not infringe any claim of the '320 patent, and that

Bandit is without any right or authority to threaten or to maintain suit against Carlton or

Carlton's customers for alleged infringement of the '320 patent. On March 9, 2007, Carlton

served the summons and complaint on Bandit. Accordingly, Bandit's answer, motion, or

other responsive pleading was due March 29, 2007. See Fed. R. Civ. Proc. 12(a)(1)(A).

Bandit did not file an answer, motion, or other responsive pleading by March 29, 2007.

However, on March 30, 2007, Bandit filed a patent infringement action against Carlton and

1

others in the United States District Court for the Eastern District of Michigan ("Michigan Action"). On April 3, 2007, Bandit filed the instant motion.

Bandit and Carlton are competitors in the wood processing and recycling industry. (Def.'s Mem. Supp. Mot. Dismiss 1.) Carlton is a South Carolina corporation with its principal place of business located in Spartanburg, South Carolina. (Compl. ¶ 1.) Bandit is a Michigan corporation, with its principal place of business located in Remus, Michigan. (Id. ¶ 2.)

Bandit is the exclusive world-wide licensee of the technology covered by the '320 Patent under a license from Tramor, Inc. ("Tramor"), the assignee of the '320 Patent. (Id.) The '320 Patent covers a reversing automatic feed wheel assembly in wood chippers. (Id.)

Bandit contracted with Electronic Solutions of Harrison, LLC ("ESH") to manufacture a portion of the controls and control systems found in the invention underlying the '320 Patent. (Id. ¶ 2.) ESH is a limited liability company organized under the laws of Michigan. (Id.) Bandit alleges that ESH began selling the controls and control systems to Bandit's competitors, namely Carlton and Woodsman, Inc. ("Woodsman"), and in doing so infringed on the '320 Patent. (Id.) Woodsman is a Michigan corporation. (Id.) Upon becoming aware of ESH's conduct, Bandit issued cease and desist letters to ESH, Carlton, and Woodsman, asserting that products manufactured, sold, and offered for sale by these companies infringe the claims of the '320 Patent. In response, Carlton filed the instant action for declaratory relief on February 21, 2007.

2

## II. DISCUSSION OF THE LAW

### A. Rule 19

First, Bandit moves to dismiss the instant action pursuant to Rule 12(b)(7) of the

Federal Rules of Civil Procedure. "Rule 12(b)(7) . . . allows a court to dismiss an action for

failure to join a party in accordance with Rule 19." Register v. Cameron & Barkley Co., 467

F. Supp. 2d 519, 530 (D.S.C. 2006). Rule 19(a) states in pertinent part:

> A person . . . shall be joined as a party in the action if (1) in the person's
> absence complete relief cannot be accorded among those already parties, or (2)
> the person claims an interest relating to the subject of the action and is so
> situated that the disposition of the action in the person's absence may (i) as a
> practical matter impair or impede the person's ability to protect that interest or
> (ii) leave any of the persons already parties subject to a substantial risk of
> incurring double, multiple, or otherwise inconsistent obligations by reason of
> the claimed interest.

Fed. R. Civ. P. 19(a). Pursuant to Rule 19(b), "[i]f a person as described in subdivision

(a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good

conscience the action should proceed among the parties before it, or should be dismissed, the

absent person being thus regarded as indispensable." Bandit contends that ESH is an

indispensable party to the instant action, and that because "this court does not have

jurisdiction over ESH and venue is not proper," the instant action should be dismissed.

(Def.'s Mem. Supp. Mot. Dismiss 3.)

In support of its argument, Bandit offers the following:

> Under the facts of this case, if Carlton is guilty of directly infringing the '320
> Patent, ESH is likewise guilty of inducing and contributing to the infringement
> by Carlton. Likewise, without ESH's actions constituting inducement and
> contributory infringement, Carlton may not be infringing. Resolution as to the
> culpability of both parties is intricately tied together in this matter and must be

3

resolved jointly in order to avoid multiple and inconsistent results in this matter.

(Id. 3.)  Bandit's arguments are without merit.

"A suit for [copyright or patent] infringement may be analogized to other tort actions; all infringers are jointly and severally liable.  Thus, plaintiff may choose those he wishes to sue and is not required to join all infringers in a single action."  Alkot Indus., Inc. v. Takara Co., 106 F.R.D. 373, 376 (N.D. Ill. 1985) (internal quotation marks omitted) (holding that the manufacturers and shippers of an allegedly infringing product were not indispensable parties pursuant to Rule 19.)  At most, the facts as presented by Bandit indicate that both Carlton and ESH were infringing the '320 Patent.  Therefore, ESH is not an indispensable party to the instant action.

In addition, even assuming ESH is an indispensable party, the facts as alleged by Bandit indicate that personal jurisdiction over ESH does exist in South Carolina.  See ESAB Group, Inc. v. Centricut, LLC, 34 F. Supp. 2d 323, 332 (1999 D.S.C.) ("Generally, when a defendant infringer is shown to have sold the allegedly infringing product in the forum state, the forum may exercise personal jurisdiction over the defendant.").  Further, both ESH and Woodsman consent to this court having personal jurisdiction over them in connection with litigation involving the '320 Patent.  (Pl.'s Mem. Opp'n Mot. Dismiss Ex. 6 (ESH Consent ¶¶ 1-3); Ex. 7 (Woodsman Consent ¶¶ 1-3).)  Therefore, Bandit fails to demonstrate that ESH is an indispensable party which "cannot be made a party" pursuant to Rule 19(b).  Based on the foregoing, Bandit's motion to dismiss pursuant to Rule 19 is denied.

4

## B. Service of Process

Second, Bandit moves to dismiss the instant action pursuant to Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure on the grounds that Bandit was not properly served. In support of this allegation, Bandit alleges that "[w]hile Bandit received a copy of the complaint (without the summons) via mail, the complaint was never 'delivered' or was not directed to any officer, managing, or general agent of the company authorized to receive service of process." (Def.'s Mem. Supp. Mot. Dismiss 9.) In response, Carlton alleges that on March 9, 2007, Bandit's process server personally delivered the summons and complaint to Bandit's employee Diane Lippert ("Lippert"). According to Carlton, Lippert "specifically stated to Carlton's process server that she was authorized to accept service of process for Bandit." (Pl.'s Mem. Opp'n Mot. Dismiss 14; Ex. 5 (Affidavit of Service 1).)

For purposes of the instant motion, it is unnecessary for the court to resolve the factual disputes regarding service of process on Bandit. Pursuant to Rule 4(m), service of the summons and complaint must be made upon a defendant within 120 days after the filing of the complaint, or the case is subject to dismissal. Carlton filed the complaint on February 21, 2007. Therefore, even assuming that service was not effective, Carlton has ample time before the expiration of this deadline to properly serve the summons and complaint. Based on the foregoing, the court denies Bandit's motion to dismiss pursuant to Rule 12(b)(4) and (5).

## C. Transfer

Finally, Bandit moves to transfer the instant action pursuant to 28 U.S.C. § 1404(a) to the Eastern District of Michigan. Section 1404(a) provides, "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to

5

any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (internal quotation marks omitted). "A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." Id.

The first factor, the convenience of the parties and witnesses, favors neither Michigan nor South Carolina. Numerous witnesses live in each state. Further, Carlton's principal place of business is South Carolina, and Bandit's principal place of business is Michigan. (Compl. ¶¶ 1-2.) With respect to the evidence in the case, each party has business records and other relevant evidence in each state. (Def.'s Mem. Supp. Mot. Dismiss 10; Pl.'s Mem. Opp'n Mot. Dismiss 12-13.) A transfer of venue is inappropriate if the transfer merely shifts the burdens of litigation from one party to the other. DeLay & Daniels, Inc. v. Allen M. Campbell Co., Gen. Contractors, Inc., 71 F.R.D. 368, 372 (D.S.C. 1976). A transfer that merely shifts the balance of convenience is especially inappropriate in the case at bar because South Carolina has a substantial connection to the parties and the controversy such that the plaintiff's choice of forum should be given weight. Milliken & Co. v. F.T.C., 565 F. Supp. 511, 517 (D.S.C. 1983).

### 2. In the Interests of Justice

There are numerous factors that the court may consider in weighing whether the interests of justice warrant a transfer, including "[t]he ease of access to sources of proof, the availability of compulsory process, the costs and practical problems of litigation, and the state

6

of the respective trial calenders" of the districts being considered.  <u>Fairchild Semiconductor</u>

<u>Corp. v. Nintendo Co.</u>, 810 F. Supp. 173, 175 (D.S.C. 1992).  Further, the court must

consider "public-interest factors of systemic integrity and fairness."  <u>Stewart</u> at 30.

Bandit asserts that in the interest of justice this case should be heard in Michigan

because the Eastern District of Michigan would have personal jurisdiction over Bandit,

Tramor, ESH, Carlton, and Woodsman.  However, as discussed above, ESH and Woodsman

have both consented to jurisdiction in the District of South Carolina, and neither is an

indispensable party to the instant litigation.  Further, Bandit has not shown that Carlton's

choice of forum should be disregarded.  Based upon the foregoing, Bandit's motion to transfer

venue to the Eastern District of Michigan is denied.

Therefore, it is

**ORDERED** that Bandit's motion to dismiss or, in the alternative, to transfer venue,

docket number 7, is denied.

**IT IS SO ORDERED.**


s/Henry M. Herlong, Jr.
United States District Judge


Greenville, South Carolina
May 2, 2007

7