IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| D.A.F., Inc., d/b/a J.P. Carlton Company, ) ) ) Plaintiff, ) ) vs. ) ) Bandit Industries, Inc. and ) Tramor, Inc., ) ) Defendants. ) | C.A. No. 7:07-511-HMH **OPINION & ORDER** |

This matter is before the court on Bandit Industries, Inc. and Tramor, Inc.'s (collectively "Defendants") motion for voluntary dismissal of their counterclaim and third affirmative defense, or, in the alternative, for leave to amend their answer.

## I. Factual and Procedural Background

On February 21, 2007, D.A.F., Inc., d/b/a J. P. Carlton Company ("Carlton") filed the original complaint seeking a declaratory judgment that it did not infringe U.S. Patent No. 6,814,320 ("'320 Patent"), and that the '320 Patent is invalid. Carlton filed the complaint in response to a February 6, 2007, letter received from Bandit Industries, Inc.'s ("Bandit") counsel asserting that Bandit was the owner of the patent and accusing Carlton of patent infringement. (Compl. Ex. B (February 6, 2007, letter 1-2).)

On May 9, 2007, Bandit filed an answer and counterclaim alleging infringement of the '320 Patent by Carlton. The counterclaim was asserted jointly by the Defendants. The

1

counterclaim alleged that Tramor, Inc. ("Tramor") is the owner of the '320 Patent and that Bandit is the exclusive licensee.

On June 1, 2007, Carlton filed a reply to the counterclaim. In the reply, Carlton asserted various affirmative defenses and new claims, including: (1) a claim for declaratory judgment that Carlton did not infringe the '320 Patent and that the '320 Patent is invalid as to Tramor; (2) a claim of unfair competition against Bandit; (3) a claim of intentional interference with contractual relationship against Bandit; and (4) a claim of abuse of process against Bandit and Tramor.

On August 10, 2007, Carlton amended its complaint by consolidating the claims set forth in its original complaint with the claims set forth in its reply to the Defendants' counterclaim. (Pl.'s Mot. Amend 2-3.)

The Defendants filed the instant motion on July 23, 2007. In their motion, the Defendants assert that they have recently received a written declaration from Carlton's supplier, Electronic Solutions of Harrison, LLC ("ESH"), that it has not sold any products that relate to the '320 Patent to Carlton. (Def.s' Mot. Dismiss 3.) Thus, based on this newly-acquired information, the Defendants seek to voluntarily dismiss their counterclaim and third affirmative defense, which alleges that Carlton is infringing the '320 Patent. (Id. 3.) Further, the Defendants assert that because they no longer allege that Carlton is infringing the '320 Patent, there is no present and continuing justiciable controversy, and Carlton's declaratory judgment is not ripe. (Id. 4.)

In response, Carlton argues that to end the justiciable controversy, the Defendants must either take a dismissal of their counterclaim and affirmative defense with prejudice or

provide Carlton with an unconditional covenant not to sue. (Pl.'s Mem. Opp'n Mot. Dismiss 4.) If the Defendants' counterclaim and third affirmative defense are dismissed with prejudice, Carlton agrees that there would no longer be a justiciable case or controversy regarding the '320 Patent. (Id. 5.) In addition, under those circumstances, Carlton consents to the dismissal of its remaining state law claims without prejudice. (Id.)

In an August 15, 2007, letter, and in their reply filed on August 16, 2007, the Defendants' counsel informed the court that the Defendants are willing to accept a voluntary dismissal of their counterclaim and third affirmative defense with prejudice. Therefore, the court finds, and the parties agree, that there is no longer a justiciable case or controversy regarding the '320 Patent, and this case is dismissed. See Steffel v. Thompson, 415 U.S. 452, 459 n.10 (1974) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.").

3

Therefore, it is

**ORDERED** that the Defendants' motion to dismiss, docket number 34, is granted. It is further

**ORDERED** that the Defendants' counterclaim and third affirmative defense are dismissed with prejudice. It is further

**ORDERED** that Carlton's complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

                                        s/Henry M. Herlong, Jr.
                                        United States District Judge

Greenville, South Carolina
August 21, 2007